IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHEN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATARAH MCCOY | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: 4:23-CV-04127 |
| | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| SHAULIS BOOKER AND | § | |
| TELAMON CORPORATION | § | |
| | § | |
| *Defendants*. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

**1.    Rule 26(f) meeting.** State where and when the parties met as required by Rule 26(f). Identify the counsel who attended for each party.

**The meeting of the parties took place telephonically on Wednesday, November 22, 2023 between Kiernan McAlpine, counsel for Plaintiff, and David Dennenberg, counsel for Defendants.**

**2.    Jurisdiction.**

   **a.    Basis.** Specify the basis of federal jurisdiction. Identify any disagreements about jurisdiction.

   **This case is removed on the basis that this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1441 in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties.**

   **b.    Diversity.** For jurisdiction based on diversity, identify any disagreement about the amount in controversy. If the case involves an unincorporated entity as a party (such as an LLC, LLP, or partnership), state the citizenship of every member. Any such party must also attach to this filing an affidavit or declaration establishing the citizenship of every member.

>> **Not applicable. There is no disagreement regarding the amount in controversy, and this case does not involve an unincorporated entity as a party.**

3. **Case background.**

   a. **General description.** Briefly describe what this case is about. In addition, state the elements of each cause of action, defense, and counterclaim.

      **This case pertains to a motor vehicle accident which occurred on or about May 18, 2023. Plaintiff claims that she was traveling southbound on Hamilton Street in Harris County, Texas when Defendant Booker Shaulis, traveling westbound on Pease Street, ran a red light at the intersection and collided with Plaintiff's vehicle causing her injuries and damages. Plaintiff further claims that Defendant Shaulis was operating his vehicle in the course and scope of his employment with Defendant Telamon Corporation. Plaintiff has sued Defendant Shaulis for causes of action for negligence and/or negligence per se, and also brings a negligence action against Defendant Telamon Corporation for negligent entrustment, negligent hiring, negligent training, failure to maintain the vehicle in a reasonably safe condition, and violation of applicable local, state, and federal laws and/or regulations. Plaintiff claims damages in the form of (1) past and future medical expenses, (2) past and future pain, suffering, and mental anguish, (3) past and future physical impairment, (4) past and future physical disfigurement, and (5) past lost wages and future loss of earning capacity.**

      **To prevail on her negligence causes of action, Plaintiff must prove that Defendants owed her a duty of care, breached that duty of care, and that Defendants' breach proximately caused her damages.**

   b. **Related cases.** List all related cases pending in any other state or federal court. Identify the court and case number. Describe how it relates to this case.

      **None.**

   c. **Narrowing factual issues.** Specify any agreements or stipulations that can be made about any relevant facts or any element in the cause(s) of action.

      **None.**

- d. **Narrowing legal issues.** State any legal issues that can be narrowed by agreement or by motion.

    **None.**

- e. **Class issues.** Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify the basis for any opposition.

    **Not applicable.**

4. **Parties.**

    - a. **Unserved parties.** List any unserved parties. State a date certain by which such party will be served.

        **Not applicable.**

    - b. **Additional parties.** List any anticipated additional parties. Identify the party seeking to add them, briefly explain why, and indicate a date by which to do so.

        **The parties do not anticipate any additional parties being joined into this lawsuit.**

    - c. **Interventions.** List and briefly explain any anticipated interventions.

        **None.**

    - d. **Interested persons.** Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons.

        **Certified.**

5. **Discovery.**

    - a. **Initial disclosures.** State whether each party has completed its Rule 26(a) initial disclosures. If not, specify the date by which each party will do so.

        **The Parties will serve their initial disclosures on or before December 14, 2023.**

    - b. **Topics.** Specify the topics upon which discovery is needed. State whether the parties considered conducting discovery in phases.

        **Liability and damages.**

    - c. **Completed.** Specify any discovery already underway or accomplished.

        **None.**

3

  d. **Limitations.** Describe any requested change to limitations set by the Federal Rules of Civil Procedure as to interrogatories, depositions, or other matters.

   **None.**

  e. **Preservation.** Describe any issues about preservation of discoverable information.

   **None.**

  f. **Disputes.** Specify any discovery disputes.

   **None.**

6. **Orders.**

  a. **Scheduling and docket control order.** State whether any party requests a change to the scheduling and docket control order entered in this case. Specify reasons for any extension believed necessary and clearly indicate any disagreements. Complete and attach a proposed scheduling and docket control order reflecting any extension sought.

   **None.**

  b. **Protective order.** State whether the parties will submit for entry a protective order. Describe any issues about confidentiality.

   **Defendant Telamon Corporation believes that it may become necessary for it to submit for entry of a protective order should Plaintiff request internal company documents which contain sensitive and trade secret information through Plaintiff's requests for production.**

  c. **E-discovery order.** State whether the parties will submit for entry an order with respect to electronic discovery. Describe any issues about disclosure or discovery of electronically stored information.

   **Not applicable.**

7. **Settlement.** Discuss the possibility for prompt, agreed resolution of the case at the Rule 26(f) meeting. State whether the parties are amenable to early mediation or other settlement attempt.

**Counsel for Plaintiff has informed counsel for Defendants that once he has obtained all of the relevant medical records, including billing records, that he will prepare an initial settlement demand and provide it to counsel for Defendants as soon as practicable. The parties both agree to negotiate settlement in good faith and believe that this case may be a candidate for alternative dispute resolution.**

8. **Trial.**

4

  a. **Magistrate Judge.** Indicate the parties' joint position on referral of this case for all purposes, including trial, to Magistrate Judge Christina A. Bryan.

   **Plaintiff consents to trial before a magistrate judge, while Defendants do not.**

  b. **Jury demand.** Identify any party that has made a jury demand and whether it was timely.

   **Defendants have made a jury demand on October 31, 2023 in their Notice of Removal.**

  c. **Length of trial.** Specify the number of hours it will likely take to present the evidence at trial in this case.

   **Approximately 24 hours total, or 4 business days.**

**9.** **Pending motions.** List all pending motions. Specify any appropriate for argument at the initial pretrial conference.

**None.**

**10.** **Other matters.** List any other matter that deserves attention at the initial pretrial conference.

**None.**

         Respectfully submitted,

         GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH

         */s/ David J. Dennenberg*
         Les Pickett
          "Attorney-in-Charge"
          Federal I.D. No. 14306
          State Bar No. 15980520
          lpickett@gallowaylawfirm.com
         David Dennenberg
          State Bar No. 24120798
          ddennenberg@gallowaylawfirm.com

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANTS**

DASPIT LAW FIRM

*/s/ Kiernan McAlpine (DJD with permission)*___
Kiernan McAlpine
State Bar No. 24058519
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
e-service@daspitlaw.com

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the foregoing has been forwarded to all known counsel of record via Electronic Court Filing on the 11th day of December, 2023:

                                        */s/ David J. Dennenberg*_____
                                        Les Pickett
                                        David J. Dennenberg