IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATARAH MCCOY | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-04127 |
| | § | |
| SHAULIS BOOKER AND | § | |
| TELAMON CORPORATION | § | JURY REQUESTED |
| | § | |
| *Defendants.* | § | |
| | § | |

## JOINT PRETRIAL ORDER

1. APPEARANCE OF COUNSEL

List each party, its counsel, and counsel's address and telephone number in separate paragraphs:

    a.    **Plaintiff Atarah McCoy**
            Kiernan McAlpine
            Daspit Law Firm
            400 Louisiana St., Suite 1400
            Houston, TX 77002
            Tel: (713) 322-4878

    b.    **Defendants Shaulis Booker and Telamon Corporation**
            Richard Morrison
            Lanza Law Firm, PC
            2502 Algerian Way
            Houston, TX 77098
            (713) 432-9090 Telephone

2. STATEMENT OF CASE

Give a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties; include names, dates, and places:

    On May 18, 2024, Shaulis Booker, while acting in the course and scope of his employment for Telamon Corporation, ran a red light and crashed into Ms. McCoy's vehicle. This crash occurred at the intersection of Hamilton and Pease in Harris County, Texas. Booker was

driving westbound on 1899 Pease, while McCoy was driving southbound on 1701 Hamilton. Booker drove inattentively and negligently ran the red light, crashing into Ms. McCoy. Any reasonable jury would find Booker and, vicariously, Telamon negligent under these facts, and Booker admitted that he was negligent in his deposition.

To date, Atarah McCoy has undergone two surgeries for injuries that she sustained in this crash. Ms. McCoy underwent an anterior cervical discectomy and fusion at C3-C6. Furthermore, she underwent a posterior cervical fusion stage 2 surgery as a revision. She has also been recommended for a three-level lumbar fusion.

Ms. McCoy was pain-free and had no significant physical limitations in her baseline immediately prior to the May 18, 2023 crash. Ms. McCoy had not previously undergone injections to her spine, and she had not previously been recommended for spine surgery. She had not undergone a previous spine surgery.

Ms. McCoy's life care plan estimates that her future medical care expenses, in reasonable probability, equal $2,927,424.00 in today's dollars. Furthermore, the loss of household and family services and loss of future earnings/benefits is estimated to cause Ms. McCoy to sustain between $1,872,742.00 and $2,352,698.00 in future loss of earning capacity.

Defendants dispute causation of the injuries. Plaintiff brought this lawsuit for negligence and claims over $6.3 million in alleged injuries suffered as the result of a car accident. Defendant driver admitted fault in his deposition. Photographs show little damage to either car. Plaintiff claims herniated discs in her cervical and lumbar spine resulted from the accident. She suffered these same injuries in 2019 after falling off a 6-foot-high loading dock. Plaintiff sued her employer over working conditions related to these injuries in 2021.

3. JURISDICTION

Briefly specify the jurisdiction of the subject matter and the parties. If there is an unresolved jurisdictional question, state it:

This Court has original jurisdiction over this case under the provisions of 28 U.S.C. [sec] 1332 and was properly removed to this Court pursuant to 28 U.S.C. 1441. There are no unresolved jurisdictional questions.

4. MOTIONS

List pending motions:

1. Plaintiff's Motion for Continuance. Plaintiff is currently scheduled for a surgery September 17, 2024 and has not received all medical records from key medical providers.

    2. Defendants' Motion for Continuance. Defendants request withdrawal of this motion.
    3. Defendants' Motion for Summary Judgment.
    4. Defendants' Motion to Exclude or Limit the Testimony of Plaintiff's Treating Physicians.
    5. Defendants' Motion to Exclude or Limit the Testimony of Plaintiff's Expert Life Care Planner.
    6. Defendants Motion to Exclude Plaintiff's Expert Economist.
    7. Defendants' Motion in Limine.

5. CONTENTIONS OF THE PARTIES

State concisely in separate paragraphs each party's claims:

    A. <u>Plaintiff's Contentions</u>:

Plaintiff contends that the Defendants were negligent in proximately causing Ms. McCoy's extensive injuries. Plaintiff contends that she had asymptomatic pre-existing conditions and that the care that she received following the crash at issue was proximately caused by the Defendants' negligence.

    B. <u>Defendants' Contentions</u>:

Defendants admit fault. Defendants contend that the injuries were not a proximate cause of the damages. In 2019, Plaintiff suffered the same injuries to her spine when she fell from a 6-foot-high loading dock. Defendants have affirmatively plead contributory negligence, comparative fault of another party, prior injuries, failure to mitigate damages, Section 41.0105 of the Texas Civil Practice and Remedies Code, and Section 18.091 of the Texas Civil Practice and Remedies Code.

6. ADMISSIONS OF FACT

List all facts that require no proof:

    1. Defendants admit that Shaulis Booker caused the accident in question.
    2. Defendants admit that Shaulis Booker was employed by Telamon Corporation at the time of the accident.
    3. Plaintiff admits she underwent imaging studies of her spine on January 3, 2020 and admits that the January 3, 2020 imaging studies contained findings.

7. CONTESTED ISSUES OF FACT

List all material facts in controversy.

1. Defendants' contest the following facts:
2. Defendant contests that the accident injured plaintiff's spine, specifically the herniated and or bulging discs at L3-L4, L4-L5, L5-S1, C3-C4, C4-C5, C5-C6, and C6-C7.
3. Defendants contest that the two surgeries for spinal fusions were necessary because of the accident.
4. Defendants contest that the medical charges were reasonable.
5. Defendants contest that plaintiff will need future medical care because of this accident.
6. Defendant contests that plaintiff has past or future impairment.
7. Defendant contests that plaintiff has past or future lost wages.
8. Defendant contests that plaintiff has any loss of future earnings and benefits.
9. Plaintiff contests the following facts:
10. Plaintiff had the following injuries on January 3, 2020:
    a. At L4-L5, a central disc herniation measuring 3 mm in height
    b. At L5-S1, broad-based left central/left subarticular/left foraminal/left far lateral disc herniation measuring 5 mm
    c. At L5-S1, there was an annular tear/fissure
    d. At L5-S1, there was moderate to severe left neural foraminal
    e. At L5-S1, the bulge contacts the L5 nerve
    f. At L5-S1, there is mild lateral recess stenosis
    g. At L5-S1, there are minimal facet joint effusions bilaterally
    h. At C3-C4, a central disc herniation measuring 3 mm
    i. At C3-C4, a flattening of the thecal sac
    j. At C3-C4, the thecal sac measures 7 mm in AP diameter along midline
    k. At C3-C4, central stenosis
    l. At C4-C5, a central disc herniation measuring 3 mm
    m. At C4-C5, a flattening of the thecal sac
    n. At C4-C5, the thecal sac measures 7 mm in AP diameter along midline
    o. At C4-C5, central stenosis
    p. At C5-C6, central/right central broad based disc herniation measuring 4 mm
    q. At C5-C-6, flattening of the thecal sac and ventral aspect of spinal cord
    r. At C5-C6, thecal sac measures 6 mm in AP diameter along the midline
    s. At C5-C6, severe central stenosis
    t. At C5-C6, minimal endplate osteophyte formation
    u. At C6-C7, central/left caudally dissecting disc extrusion measuring 3 mm in AP dimension, extends 2 mm below the superior C7 endplate
    v. At C6-C7, flattening of the thecal sac and ventral aspect of the spinal cord
    w. At C6-C7, thecal sac measures 7 mm in AP diameter along the midline
    x. At C6-C7, central stenosis

8.     AGREED PROPOSITIONS OF LAW

List the legal propositions that are not in dispute:

    A.     The elements of a cause of action for negligence are: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached the duty; and (3) the breach proximately caused plaintiff's injury. *Praesel v. Johnson,* 967 S.W.2d 391, 394 (Tex. 1998).

    B.     Diagnoses such as bulging and herniated discs, lumbar strain and neuritis, intervertebral disc disorders, and soft tissue back and neck injuries were outside the common knowledge and required expert evidence of causation. *Carmona v. Forrest,* H-20-3922, 2023 WL 4317036, at *3 (S.D.TX, Houston Division, June 15 2023) (slip op.)

9.     CONTESTED PROPOSITIONS OF LAW

State briefly the unresolved questions of law, with authorities to support each:

    A.     Plaintiff contends that loss of household services is an element of impairment and/or loss of earning capacity.

    B.     Defendants contend that Plaintiff does not have a claim for "loss of family services" because it is a spousal claim and plaintiff's spouse is not a party to the lawsuit. *Whittlesey v. Miller*, 572 S.W.2d 665, 666 (Tex. 1978)

10.     EXHIBITS

    A.     On a form similar to the one provided by the clerk, each party will attach two lists of all exhibits expected to be offered and will make the exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those whose use cannot be anticipated.

    B.     A party requiring authentication of an exhibit must notify the offering counsel in writing within 7 days after the exhibit is listed and made available; failure to object in advance of the trial in writing concedes authenticity.

    C.     Within reason, other objections to admissibility of exhibits must be made at least 7 days before trial; the Court will be notified in writing of disputes, with copies of the disputed exhibit and authority.

    D.     Parties must mark their exhibits to include the date and case number on each.

    E.     At the trial, the first step will be the offer and receipt in evidence of exhibits.

11. WITNESSES

   A. List the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony. Include the qualifications of expert witnesses; these will be used to qualify the expert at trial.

   i. Jacob Weinberg, M.D. is Board Certified by the American Board of Orthopedic Surgery. He is expected to testify regarding the nature and extent of Plaintiff's alleged injuries.

   ii. John Laughlin, M.Eng., P.E. is a biomechanical engineer with extensive experience in biomechanical evaluation of injuries in automotive collisions. He is expected to testify regarding the nature and extent of Plaintiff's alleged injuries and whether there is a causal link between those injuries and the alleged incident at issue in this suit.

   iii. Daniel Yul Kim, M.D., FHM, FACP is a hospitalist with a specialty certification from the American Board of Internal Medicine. He is expected to testify regarding the reasonableness and necessity of certain of Plaintiff's medical treatment and expenses.

   iv. Thomas Cartwright, M.D. is a licensed physician in the field of orthopedics. He is expected to offer opinions concerning the reasonableness of the cost of services rendered to Plaintiff by Viking Pain Management.

   v. Elizabeth Jones, M.D. specializes in radiology and her subspecialty is musculoskeletal imaging. She is expected to offer opinions concerning the reasonableness of the cost of services rendered to Plaintiff by Memorial MRI.

12. SETTLEMENT

State that all settlement efforts have been exhausted, that the case cannot be settled, and that it will have to be tried:

   **PLAINTIFF**: This case has been mediated and did not settle.

   **DEFENDANT:** This case has been mediated and could not be settled. All settlement efforts have been exhausted, the case cannot be settled, and it will have to be tried.

13. TRIAL

    A. Probable length of trial; and

        i. Plaintiff anticipates that the case will take five to seven business days to try.

    B. Logistical problems, including availability of witnesses, out-of-state people, bulky exhibits, and demonstrations.

14. ATTACHMENTS

Include these required attachments:

　　A. For a jury trial:

　　　　i. Proposed questions for the voir dire examination.

　　　　ii. Proposed charge, including instructions, definitions, and special interrogatories, with authority.

　　B. For a nonjury trial:
　　　　i. Proposed findings of fact (without repeating uncontested facts) and

　　　　ii. Conclusions of law, with authority.

Date: _____  _____
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Approved

Date: _____  _____
　　　　　　　　　　　　　　Attorney-in-Charge, Plaintiff

　　　9/16/2024　　　　　　　　*/s/ Richard Morrison*
Date: _____  _____
　　　　　　　　　　　　　　Attorney-in-Charge, Defendant