**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHEN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ATARAH MCCOY | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: 4:23-CV-04127 |
| | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| SHAULIS BOOKER AND | § | |
| TELAMON CORPORATION | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF ATARAH MCCOY'S REQUESTED VOIR DIRE QUESTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Atarah McCoy hereby submits the following voir dire questions for consideration by the Court:

1. How many of you believe that a negative experience with the legal system in the past would lead you to begin the trial viewing the evidence in the case in a light more favorable to the Defendants?

2. How many of you believe that, during jury deliberations, you would not be able to follow the Court's instruction to set aside personal sympathy for the Plaintiff, the Defendants, or both, and decide the case solely based on the evidence admitted in Court?

3. How many of you hold a strongly-held belief that you would not be not willing to file a lawsuit for personal injury damages on your own behalf, or on behalf of a family member, even if you believed strongly that you were harmed through no fault of your own, and even if you did not have any alternative?

4. How many of you believe that you would require more than a preponderance of the evidence in order to find for the Plaintiff in this case, even if the Court instructs you that the preponderance of the evidence is the legal standard to be used during jury deliberations in this trial?

5. How many of you believe that you could not and would not award a specific sum of money for pain and suffering damages, even if the preponderance of the evidence proved to you that awarding that specific sum of money is fair and reasonable?

6. How many of you would require more than a preponderance of the evidence before you

would consider including money for pain and suffering damages in the verdict form?

7. How many of you will require more than a preponderance of the evidence before you consider including money in the verdict form for damages that, in reasonable probability, the Plaintiff will sustain in the future, if any?

8. How many of you believe that you could not and would not award a specific sum of money for future pain and suffering damages, even if a preponderance of the evidence proved to you that the Plaintiff would, in reasonable probability, suffer pain and suffering in the future?

9. How many of you would require more than a preponderance of the evidence before considering including money for future pain and suffering damages in the verdict form?

10. How many of you work as a driver or for a trucking or logistics company, or have a close friend or family member who does?

11. Do any of you know Plaintiff's experts?

    a. Dr. Remi Nader, MD, a neurosurgeon

    b. Dr. Donald Baxter, MD, an orthopedic surgeon

    c. Dr. Yan Michael Li, MD, an orthopedic surgeon

    d. Dr. Lorenzo Farolan, MD, a radiologist

    e. Dr. Aaron Filler, MD, a neurosurgeon

    f. Dr. Adam Locketz, MD, a life care planner

    g. Stan Smith, an economist

Respectfully Submitted,

**DASPIT LAW FIRM**

*/s/ Kiernan McAlpine*
Kiernan McAlpine
Texas State Bar No. 24058519
Fed. Bar No. 1132611
440 Louisiana St. Ste 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true copy of the foregoing instrument was served on all counsel of record in accordance with Rules 21 and 21a of the Federal Rules of Civil Procedure on September 16, 2024.

*/s/ Kiernan McAlpine*
Kiernan McAlpine
