## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ATARAH MCCOY | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-04127 |
| | § | |
| TELAMON  CORPORATION | § | |
| AND | § | JURY REQUESTED |
| TELAMON CORPORATION | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANTS' JOINT JURY CHARGE

**Instruction No. 1: Jury Charge.**

**MEMBERS OF THE JURY**:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.[1]

---

[1]Committee on Civil Pattern Jury Instructions, District Judges Association, Fifth Circuit, PATTERN JURY CHARGES (CIVIL CASES) § 3.1 (2020).

### 2.3 Stipulations of Fact

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

Defendants admit that Shaulis Booker caused the accident in question.

Defendants admit that Shaulis Booker was employed by Telamon Corporation at the time of the accident.

Plaintiff admits she underwent imaging studies of her spine on January 3, 2020 and admits that the January 3, 2020 imaging studies contained findings.

### 2.5 Discontinuance as to Some Parties

Certain parties are no longer involved in this trial. As jurors, it is your duty to consider the issues among the remaining parties.

### 2.6 Limiting Instruction

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

### 2.7 Charts and Summaries

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

### 2.8 Demonstrative Evidence

Exhibit [specify] is an illustration. It is a party's [description/picture/model] used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

**2.9 Witness Not Called1**

[Name of witness] was available to both sides. Plaintiff/Defendant [name] cannot complain that [name of witness] was not called to testify, because either Plaintiff or Defendant [name] could have called [name of witness].

**2.11 Impeachment by Witness's Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Instruction No. 2: Bias—Corporate Party Involved.**

      Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[2]

---

[2] *Id.* at § 2.16.

**Instruction No. 3: Burden of Proof: Preponderance of the Evidence.**

 Plaintiff Atarah McCoy has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Atarah McCoy has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.[3]

---

[3] *Id.* at § 3.2.

**Instruction No. 4: Evidence.**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[4]

---

[4] *Id.* at § 3.3.

**Instruction No. 5: Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[5]

---

[5] *Id.* at § 3.4.

13

**Instruction No. 6: Expert Witnesses**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.[6]

---

[6] *Id.* at § 3.5.

**Instruction No. 7: No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.[7]

---

[7] *Id.* at § 3.6.

**Instruction No. 9: Definition of Proximate Cause**

"Proximate cause" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.[8]

---

[8] *Id.* at § 2.4.

**Instruction No. 8: Consider Damages Only If Necessary.**

You must determine the damages to which Plaintiff Atarah McCoy is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Atarah McCoy's damages as an indication in any way that I believe that Plaintiff Atarah McCoy should, or should not, be awarded damages. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Telamon Corporation proximately caused Plaintiff Atarah McCoy's injuries and that Plaintiff Atarah McCoy is entitled to recover money from Defendants Telamon Corporation.[9]

---

[9] Committee on Civil Pattern Jury Instructions, District Judges Association, Fifth Circuit, PATTERN JURY CHARGES (CIVIL CASES) § 15.1 (2020).

**Instruction No. 9: Injury/Pain/Disfigurement**

You may award damages for any bodily injury that Plaintiff Atarah McCoy sustained and any physical pain and mental anguish, and/or disfigurement that Plaintiff Atarah McCoy experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff Atarah McCoy for the damages she has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.[10]

---

[10] *Id.* at § 15.1

**Instruction No. 10: Mitigation of Damages**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate her damages, that is, to avoid or to minimize those damages.

Plaintiff Atarah McCoy may not recover for any item of damage which she could have avoided through reasonable effort. If you find that Defendants Telamon Corporation proved by a preponderance of the evidence Plaintiff Atarah McCoy unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages that she would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether Plaintiff Atarah McCoy acted reasonably in avoiding or minimizing her damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Defendants Telamon Corporation have the burden of proving the damages that Plaintiff Atarah McCoy could have mitigated. In deciding whether to reduce Plaintiff Atarah McCoy's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied their burden of proving that Plaintiff Atarah McCoy's conduct was not reasonable.[11]

---

[11] *Id.* at § 15.5

**Instruction No. 11: Compensatory Damages.**

You must determine an amount that is fair compensation for all of Plaintiff Atarah McCoy's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff Atarah McCoy whole—that is, to compensate Plaintiff Atarah McCoy for the damage that she has suffered. Compensatory damages are not limited to expenses that Plaintiff Atarah McCoy may have incurred because of her injury. Plaintiff Atarah McCoy is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that she has suffered because of Defendants Telamon Corporation wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff Atarah McCoy proves were proximately caused by Defendants Telamon Corporation wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff Atarah McCoy's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants Telamon Corporation. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff Atarah McCoy has actually suffered or that Plaintiff Atarah McCoy is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Atarah McCoy prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:[12]

**Instruction No. 11a: Pre-existing injuries**

Do not include any amount for any injury or condition that was not proximately caused by the accident in question.[13]

---

[12] *Id.* at § 15.2.

[13] State Bar of Texas Committee on Pattern Jury Charges, *Texas Pattern Jury Charges: General Negligence,* 28.8A (2020 ed.).

**Question No. 3. Damages.**

Answer the following questions.

1.  Physical pain and mental anguish sustained in the past.

    Answer: _____

2.  Physical pain and mental anguish that, in reasonable probability, Atarah McCoy will sustain in the future.

    Answer: _____

3.  Disfigurement sustained in the past.

    Answer: _____

4.  Reasonable expenses of necessary medical care in the past.

    Answer: _____